**COUNTY OF DALLAS, Petitioner,**

v.

**Christopher Shawn SEMPE and Carl Raymond Sempe, Sole Heirs of Charles Ray Sempe, Respondents.**

No. 05–0022.

Supreme Court of Texas.

Argued Nov. 15, 2006.

Delivered March 28, 2008.

Cynthia Keely Timms, Locke Lord Bissell & Liddell, LLP, Chrysta L. Castañeda, Locke Liddell & Sapp LLP, William T. Hill, Dallas County Crim. D.A.'s Office, Grant Hugh Brenna, Dallas, for Petitioner.

John A. Goren, Robert K. Dowd, Dallas, for Respondents.

PER CURIAM.

This Court's jurisdiction to consider an interlocutory appeal of an order denying a plea to the jurisdiction is limited by statute to cases in which the justices of the court of appeals "disagree on a question of law material to the decision" or in which the court of appeals' opinion conflicts with a prior decision of this Court or of another Texas court of appeals. TEX. GOV'T CODE § § 22.001(a)(1)-(2), 22.225(c). In this case, no dissenting opinion was filed in the court of appeals, 151 S.W.3d 291 (Tex. App.-Dallas 2004), and after reviewing the parties' briefs and the relevant authorities, we do not find that a conflict exists with another state court opinion. Dallas County argues that the court of appeals' decision conflicts with *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978), and *Moor v. County of Alameda,* 411 U.S. 693, 703, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), and though the Legislature's narrow grant of jurisdiction does not extend to reviewing interlocutory appeals that may conflict with decisions of the United States Supreme Court, Dallas County argues that we may consider *Robertson* and *Moor* in determining our conflicts jurisdiction, citing *Eichelberger v. Eichelberger,* 582 S.W.2d 395, 397 (Tex.1979) (holding that, in an appeal from a final judgment, this Court has jurisdiction to review a decision of the court of appeals that conflicts with a decision of the United States Supreme Court). Even if Dallas

County's argument is correct, we find no conflict with the cases cited sufficient to invoke this Court's jurisdiction. Without jurisdiction to review this decision before final judgment, we must withdraw the order granting the petition for review as improvidently granted and dismiss the petition for want of jurisdiction. *See* TEX. R.APP. P. 56.1.