# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00036-CV

**Richard J. Malouf, DDS; Richard J. Malouf, DDS, PC; and Richard J. Malouf, DDS, PA, Appellants**

**v.**

**The State of Texas ex rel. Dr. Christine Ellis, DDS and Madelayne Castillo, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GV-12-000863, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## O P I N I O N

This interlocutory appeal presents the issue of whether claims brought by appellees the State of Texas and relators Dr. Christine Ellis, DDS, and Madelayne Castillo under the Texas Medicaid Fraud Prevention Act (TMFPA), *see* Tex. Hum. Res. Code §§ 36.001–.132, are subject to the expert-report requirement of the Texas Medical Liability Act (TMLA), *see* Tex. Civ. Prac. & Rem. Code § 74.351. Appellants Richard J. Malouf, DDS, Richard J. Malouf, DDS, PC, and Richard J. Malouf, DDS, PA (collectively the Malouf Defendants) challenge the trial court's order denying their motion to dismiss for failure to provide an expert report under the TMLA. *See id*. Because we conclude that the TMLA does not apply to appellees' claims brought under the TMFPA, we affirm the trial court's order.

## BACKGROUND

The Malouf Defendants, a dentist, his professional corporation, and his professional association, are health care providers under the TMLA. *See* Tex. Civ. Prac. & Rem. Code § 74.001 (12)(A) (defining "health care provider" to mean "any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care"). They participate in the Texas Medicaid Program and seek payments from the State under the program for dental and orthodontic services provided to Medicaid beneficiaries. *See* 1 Tex. Admin. Code § 354.1131 (Texas Health & Human Servs. Comm'n, Payments to Eligible Providers) (describing payments under Texas Medicaid Program).

This action is a consolidation of two cases originally filed by relators Ellis and Castillo under seal against the Malouf Defendants for alleged "unlawful acts" in violation of the TMFPA. *See* Tex. Hum. Res. Code §§ 36.002 (listing "unlawful acts"), .101 (authorizing person to bring civil action in name of person and State for violation of section 36.002 ), .102 (requiring person to file petition in camera, petition to remain under seal for 180 days or "date on which the state elects to intervene," and prohibiting service on defendant until court orders service). In June 2012, the State intervened and assumed primary responsibility for prosecuting relators' claims. *See id*. §§ 36.102(c) (authorizing State to intervene), .107(a) (noting that, when State intervenes, it has "primary responsibility" and "not bound by an act of the person bringing the action").

The State and relators seek civil penalties and the amount of payments that the State paid to the Malouf Defendants under the Medicaid program as a result of the Malouf Defendants' alleged unlawful acts, including false statements, misrepresentations of material fact, and failure to

2

disclose.[1]  *See id.* §§ 36.002 (listing "unlawful acts"), 36.052 (authorizing civil remedies including amount of payments and civil penalties).  The State also seeks injunctive relief.  *See id*. § 36.051 (authorizing injunctive relief).

In October 2013, the Malouf Defendants moved to dismiss the suit and requested attorney's fees under section 74.351 of the TMLA on the ground that appellees had not provided an expert report.  *See* Tex. Civ. Prac. & Rem. Code § 74.351(a), (b).  The Malouf Defendants contended that appellees' claims were "health care liability claims" under the TMLA and thus subject to the expert report requirement.  *See id*. § 74.001(a)(13) (defining "health care liability claim").  In response, appellees urged that the TMLA did not apply to their claims.  After a hearing, the trial court denied the motion to dismiss, and this interlocutory appeal followed.  *See id.* § 51.014(a)(9) (authorizing interlocutory appeal from denial of motion brought under section 74.351(b)).

**ANALYSIS**

Resolution of this appeal turns on whether the expert report requirement of the TMLA applies to appellees' claims brought under the TMFPA.  In two issues, the Malouf Defendants urge that appellees' claims are "health care liability claims" under the TMLA and thus subject to the TMLA's expert report requirement and that appellees' claims are not otherwise exempt from the expert report requirement.

---

[1] Appellees' allegations of "unlawful acts" by the Malouf Defendants include that:  (i) the Malouf Defendants misrepresented or concealed that they provided services that were not medically necessary or that failed to meet the appropriate Medicaid standards, (ii) they failed to properly document services, (iii) they allowed unqualified persons to perform services, (iv) they billed for services that were not provided, (v) they over-billed for services that were provided, (vi) they used kickbacks to recruit Medicaid clients, and (vii) they failed to follow applicable state and federal law.

**Standard of Review**

The Malouf Defendants' issues address the scope of claims that the TMLA reaches. "The nature of the claims the Legislature intended to include under the TMLA's umbrella is a matter of statutory construction, a legal question we review de novo." *Texas W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012).

Our primary concern in construing a statute is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). "We thus construe the text according to its plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results." *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008)). We consider the entire act, not isolated portions. *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008).

**Does the State fall within the definition of a "claimant" under the TMLA?**

The Malouf Defendants urge that the State's claims fall within the definition of a "health care liability claim" because the Malouf Defendants are health care providers and the claims allege a departure from the accepted standards of medical or health care for which expert testimony is required. *See* Tex. Civ. Prac. & Rem. Code § 74.001(a)(13) (defining "health care liability claim")[2]; *Psychiatric Solutions, Inc. v. Palit*, 414 S.W.3d 724, 726 (Tex. 2013) (noting prior holding

---

[2] A "health care liability claim" is defined as a "cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's

4

"'that if expert medical or health care testimony is necessary to prove or refute the merits of a claim against a physician or health care provider, the claim is a health care liability claim'" (citation omitted)); *see also PM Management-Trinity NC v. Kumets*, 404 S.W.3d 550, 552 (Tex. 2013) (noting that TMLA does not allow parties to avoid procedural requirements "by claim-splitting or any form of artful pleading"); *Loaisiga v. Cerda*, 379 S.W.3d 248, 255 (Tex. 2012) (listing elements of health care liability claim); *Yamada v. Friend*, 335 S.W.3d 192, 196 (Tex. 2010) (noting that "[w]hether a claim is a health care liability claim depends on the underlying nature of the claim being made" and that "[a]rtful pleading does not alter that nature" (citation omitted)).

Among other arguments, appellees counter that the State's claims are not subject to the TMLA's expert report requirement because the State does not fall within the definition of a "claimant" under the TMLA. Under the TMLA, "[o]nly claimants are obligated to serve expert reports on physicians or health care providers." *See Texas W. Oaks Hosp.*, 371 S.W.3d at 178 (citing Tex. Civ. Prac. & Rem. Code § 74.351(a), (b)). Because it is dispositive, we limit our analysis of the State's claims to this argument. *See* Tex. R. App. P. 47.1.

The TMLA defines a "claimant" as "a person, including a decedent's estate, seeking or who has sought recovery of damages in a health care liability claim. All persons claiming to have sustained damages as the result of the bodily injury or death of a single person are considered a single claimant." Tex. Civ. Prac. & Rem. Code § 74.001(a)(2). Thus, for the State to fall within the definition of a "claimant" subject to the expert report requirement, it must fall within the definition of "person." The Malouf Defendants argue that the State is a "person" under the TMLA because it

---

claim or cause of action sounds in tort or contract." Tex. Civ. Prac. & Rem. Code § 74.001(a)(13).

5

falls within the definition of a "person" under the Code Construction Act. *See* Tex. Gov't Code § 311.005(2) (defining "person" to include the "government or governmental subdivision or agency" "unless the statute or context in which the word or phrase is used requires a different definition"); *see also* Tex. Civ. Prac. & Rem. Code § 1.002 ("The Code Construction Act (Chapter 311, Government Code) applies to the construction of each provision in this code, except as otherwise expressly provided by this code.").

Under the plain language of subsection 74.001(b), however, the legislature makes clear that the definition of the term "person" provided in the Code Construction Act does not apply to the term's uses in the TMLA. *See* Tex. Civ. Prac. & Rem. Code § 74.001(b). Subsection 74.001(b) expressly requires that "[a]ny legal term or word of art used in this chapter, not otherwise defined in this chapter, shall have such meaning as is consistent with the common law." *Id.*; *see also Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 392 (Tex. 2014) ("use of 'shall' normally imposes a mandatory requirement" (citing Tex. Gov't Code § 311.016(c)). The term "person" is not defined in the TMLA. *See Texas W. Oaks Hosp.*, 371 S.W.3d at 179 (observing that "person" not defined in TMLA and concluding "therefore ['person'] possesses such meaning as is consistent with the common law" (citing Tex. Civ. Prac. & Rem. Code § 74.001(b)); *see also Zanchi v. Lane*, 408 S.W.3d 373, 377–79 (Tex. 2013) (interpreting undefined term "party" in TMLA consistent with its common law meaning (citing Tex. Civ. Prac. & Rem. Code § 74.001(b)). Thus, we conclude that the definition of "person" in the Code Construction Act does not apply and apply the term's common law meaning.

Under the common law, there is a "longstanding interpretive presumption that 'person' does not include the sovereign," which "may be disregarded only upon some affirmative showing of statutory intent to the contrary." *See Vermont Agency of Natural Res. v. United States ex rel*. *Stevens*, 529 U.S. 765, 780–81 (2000) (applying "our longstanding interpretive presumption that 'person' does not include the sovereign" to term "person" in federal False Claims Act and noting that presumption "may be disregarded only upon some affirmative showing of statutory intent to the contrary"); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 275 (1947) ("In common usage ['person'] does not include the sovereign, and statutes employing it will ordinarily not be construed to do so."); *see also Railroad Comm'n v. United States*, 290 S.W.2d 699, 702 (Tex. Civ. App.—Austin 1956), *aff'd*, 317 S.W.2d 927 (Tex. 1958) (stating common-law rule that the sovereign "shall not be bound unless the statute is made by express words to extend to [the sovereign]" and noting that "ordinary legislation is intended merely to regulate the acts and rights of individuals" (citation and internal quotation marks omitted)). We assume that the legislature was aware of the common law meaning of the term "person" at the time the TMLA was enacted. *See Vermont Agency of Natural Res*., 529 U.S. at 780–81; *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it.").

Further, other uses of the term "person" in the TMLA support that the legislature did not intend for the term in the definition of "claimant" to include the State. *See* Tex. Civ. Prac. & Rem. Code § 74.001(a)(2); *Scott*, 309 S.W.3d at 931 ("Disregarding twenty-one uses of 'party' in the surrounding context, all of which do not include the Commissioner, in favor of the single use

7

that does is precisely the sort of 'exaggerated, forced, or constrained meaning' that we eschew."); *see*, *e.g.*, Tex. Civ. Prac. & Rem. Code §§ 74.001(a)(11)(I) (referring to "persons with mental retardation"), .001(a)(12)(A) (defining "health care provider" to mean "any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care"), .101 (referring to "reasonable person in making decision to give or withhold consent"), .102(a) (referring to "patients or persons authorized to consent for their patients"), .151 (referring to "person" multiple times including "person who in good faith administers emergency care"), .152 (referring to "[p]ersons not licensed or certified in the healing arts"), .351(5) (defining expert "with respect to a person giving opinion testimony").

Moreover, the overall schemes of the TMLA and TMFPA support that the legislature did not intend for the term "person" in the TMLA's definition of "claimant" to include the State. *See* Tex. Civ. Prac. & Rem. Code § 74.001(a)(2); *Parker*, 249 S.W.3d at 396; *compare* Tex. Hum. Res. Code § 36.102 (addressing initiation of action by filing in camera petition and serving attorney general with petition to remain under seal for 180 days or until State intervenes and prohibiting service of petition on defendant until the court orders service) *with* Tex. Civ. Prac. & Rem. Code § 74.051 (requiring "any person" to give written notice of claim with authorization form for release of protected health information to health care provider at least 60 days before filing suit); *compare* Tex. Hum. Res. Code § 36.052 (referring to "person who commits unlawful act" and addressing

available remedies to State, including amount of payment and civil penalties) *with* Tex. Civ. Prac. & Rem. Code §§ 74.301–.303 (addressing liability limits for health care liability claims).[3]

Considering the common law meaning of the term "person," other uses of the term in the TMLA, and the overall schemes of the TMLA and TMFPA, we conclude that the State when bringing suit under the TMFPA is not a "person" within the definition of "claimant" under the TMLA and, thus, not subject to the expert report requirement. *See* Tex. Civ. Prac. & Rem. Code § 74.001(a)(2); *see, e.g.*, *Shanti v. Allstate Ins. Co.*, 356 S.W.3d 705, 714 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (noting that insurance company "does not fit neatly" into definition of "claimant" and concluding insurance company not "claimant" under TMLA).

**Are relators subject to the TMLA's expert report requirement?**

We also conclude that relators Ellis and Castillo are not subject to the TMLA's expert report requirement. The relators' claims concern payments made by the State and were brought in the name of the State. *See* Tex. Hum. Res. Code §§ 36.101 (authorizing person to bring action for the State), .110 (describing available awards to private plaintiffs depending on whether State

---

[3] We also note that concluding otherwise would potentially create conflicts between the schemes of the TMLA and TMFPA. *Compare* Tex. Hum. Res. Code § 36.112 (allowing award to defendant for frivolous actions under chapter 105 of Civil Practice and Remedies Code) *with* Tex. Civ. Prac. & Rem. Code § 74.351(b) (awarding attorney's fees and costs when expert report not served); *compare* Tex. Hum. Res. Code §§ 36.002 (requiring unlawful act to be committed "knowingly"), .0011 (defining "knowingly") *with* Tex. Civ. Prac. & Rem. Code § 74.303(e)(2) (requiring jury instruction on "finding of negligence"); *compare* Tex. Civ. Prac. & Rem. Code § 41.002 (stating that chapter 41 does not apply to action brought under chapter 36 of Human Resources Code) *with* Tex. Civ. Prac. & Rem. Code §§ 74.001(a)(6) (defining economic damages as "meaning assigned by Section 41.001"), .002(a) (stating that chapter 74 controls to extent of conflict with another law).

proceeds with action and, in context of State's intervention, basing amount of award on "extent to which the person substantially contributed to the prosecution of the action"). Relators also do not seek to recover for an injury that they sustained as a proximate result of conduct by the Malouf Defendants. *See* Tex. Civ. Prac. & Rem. Code § 74.001(a)(13) (defining "health care liability claim" as cause of action for injury or death to claimant proximately caused by health care provider); *Scott*, 309 S.W.3d at 931 ("Courts must not give the words used by the Legislature an 'exaggerated, forced, or constrained meaning.'" (citation omitted)); *see also Shanti*, 356 S.W.3d at 714 (concluding that insurance company that alleged damage based on false material representations "does not fit neatly" into definition of "claimant" under TMLA). Thus, we conclude that relators' claims brought under the TMFPA are not subject to the expert report requirement in the TMLA.

## CONCLUSION

For these reasons, we overrule the Malouf Defendants' issues and affirm the trial court's order denying their motion to dismiss.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Pemberton, and Goodwin

Affirmed

Filed: April 2, 2015

10