**Affirmed and Opinion filed May 21, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00279-CV
### NO. 14-23-00299-CV

**ALBERTSON COMPANIES, INC., ET AL., Appellants**

**V.**

**COUNTY OF DALLAS, Appellee**

**SPCSA PLLC A/K/A SHAVANO OAKS PHARMACY, Appellant**

**V.**

**COUNTY OF BEXAR, Appellee**

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause Nos. 2018-77098 & 2018-77066**

## OPINION

These are consolidated appeals from two interlocutory orders denying motions to dismiss under the Texas Medical Liability Act. Many questions have

been presented, but we only consider one of them: whether a county is a "person" at common law. Our answer is "no."

## BACKGROUND

This case comes to us from the multidistrict litigation arising out of the opioid crisis.

Dallas County and Bexar County sued a number of manufacturers, distributors, and retail pharmacies of prescription opioids. As to the Pharmacies, only certain of which are before us now,[1] the Counties asserted a variety of claims, including that the Pharmacies were negligent and violated their standard of care in their dispensing of opioids. Broadly speaking, the Counties alleged that the Pharmacies dispensed the opioids while systematically ignoring red flags indicating that the opioids were being abused and diverted into secondary, criminal markets.

In two separate motions, the Pharmacies argued that the Counties' claims should be dismissed because the claims were health care liability claims and the Counties had not served them with expert reports within 120 days of their original answers, as required by the TMLA. The Counties filed responses, arguing several reasons for why the TMLA did not apply. The MDL court agreed with the Counties without stating its reasoning and denied both of the Pharmacies' motions. The Pharmacies then brought these interlocutory appeals of the MDL court's orders, which we consolidated.

---

[1] In No. 14-23-00279-CV, the Pharmacies consist of Albertson Companies, Inc.; Albertson's LLC; Brookshire Grocery Co.; The Kroger Co.; Kroger Limited Partnership I; Kroger Limited Partnership II; Kroger Texas L.P.; Preston Road Apothecary, Inc.; Preston Road Pharmacy, Inc.; Randall's Food & Drug LP; Safeway, Inc.; and United Supermarkets L.L.C. d/b/a The United Family. In No. 14-23-00299-CV, the Pharmacies consist of SPCSA PLLC a/k/a/ Shavano Oaks Pharmacy.

## ANALYSIS

A claimant asserting a health care liability claim must serve each defendant physician or health care provider with an expert report providing a fair summary of the expert's opinion regarding the applicable standard of care, the manner in which the defendant breached the standard of care, and the causal relationship between the failure and the injury, harm, or damages claimed. *See* Tex. Civ. Prac. & Rem. Code § 74.351(a). If the claimant fails to serve the expert report within the time allotted by the TMLA, then the claimant's health care liability claim is subject to dismissal. *See* Tex. Civ. Prac. & Rem. Code § 74.351(b).

There is no dispute here that the Counties did not serve the Pharmacies with an expert report. But the Counties contend that the TMLA does not apply for various reasons, including that the Counties are not claimants within the meaning of the TMLA, that their claims are not health care liability claims, and that the Pharmacies are not physicians or health care providers. We only consider the first of these arguments. And because that argument raises a matter of statutory interpretation, our review is de novo. *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010).

The TMLA defines a claimant as "a person, including a decedent's estate, seeking or who has sought recovery of damages in a health care liability claim." *See* Tex. Civ. Prac. & Rem. Code § 74.001(a)(2). All parties agree that the Counties are not a "decedent's estate," but they disagree as to whether the Counties qualify as a "person."

The Pharmacies refer us to the Code Construction Act, which instructs us that the word "person" includes a "government or governmental subdivision," such as a county. *See* Tex. Gov't Code § 311.005(2). But that statutory definition is qualified. It applies "unless the statute or context in which the word or phrase is used requires

3

a different definition." *See* Tex. Gov't Code § 311.005. That qualification is triggered here because the word "person" is an undefined "legal term or word of art," and the TMLA provides that such words must be construed according to the common law. *See* Tex. Civ. Prac. & Rem. Code § 74.001(b) ("Any legal term or word of art used in this chapter, not otherwise defined in this chapter, shall have such meaning as is consistent with the common law."); *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 178 (Tex. 2012) ("Person is not defined in the TMLA and therefore must be given its common law meaning.").

We normally discern a word's common law meaning by referring to the body of law derived from judicial decisions. *See Lyda Swinerton Builders, Inc. v. Cathay Bank*, 409 S.W.3d 221, 243 n.19 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). But we can also consider the definitions compiled in Black's Law Dictionary. *See Coming Attractions Bridal & Formal, Inc. v. Tex. Health Res.*, 595 S.W.3d 659, 663 n.8 (Tex. 2020) (considering that dictionary when deciding whether a corporation was included within the common law meaning of person).

Black's Law Dictionary contains three entries for the word "person":

1. A human being.
2. An entity (such as a corporation) that is recognized by law as having the rights and duties of a human being.
3. The living body of a human being <contraband found on the smuggler's person>.

Black's Law Dictionary 1162 (7th ed. 1990). There is no mention in any of these entries of counties or political subdivisions.

Turning next to the body of law derived from judicial decisions, we note that the Third Court of Appeals has already held that the State is not a person at common law, and thus, the State is not subject to the procedural requirements of the TMLA.

*See Malouf v. State ex rel. Ellis*, 461 S.W.3d 641, 647 (Tex. App.—Austin 2015, pet. denied). The court reasoned that the State is a sovereign, and at common law, the sovereign must be excluded from the word "person" absent some affirmative showing to the contrary. *Id.* at 646 ("Under the common law, there is a longstanding interpretive presumption that 'person' does not include the sovereign, which may be disregarded only upon some affirmative showing of statutory intent to the contrary.").

Unlike the State, a county is not a sovereign entity. *See Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019). However, a county can share in the State's sovereign immunity. *See County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). And more importantly for purposes of this case, our court has previously held that, like the State, a county is not a person at common law. *See Harris County v. Dowlearn*, 489 S.W.2d 140, 145 (Tex. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).

In *Dowlearn*, the county was found liable for personal injuries in a claim arising under the Tort Claims Act. *Id.* at 142. The county argued many issues on appeal, one of which was that the Tort Claims Act was unconstitutional because portions of it treated counties and cities differently, in violation of the Equal Protection Clause. *Id.* at 145. This court rejected that argument with the following explanation: "As to constitutionality, a municipality, county, or other public corporation or governmental agency created and controlled by a state is not a 'person' entitled, as against the state, to equal protection of the laws." *Id.* In arriving at that conclusion, this court relied on another judicial decision, citing *Griffin v. County School Board of Prince Edward County*, 377 U.S. 218 (1964), a school desegregation case that held "there is no rule that counties, as counties, must be

treated alike; the Equal Protection Clause relates to equal protection of the laws 'between persons as such rather than between areas.'" *Id.* at 230.

The Texas Supreme Court disapproved of *Dowlearn* in *State Department of Highways & Public Transportation v. Payne*, 838 S.W.2d 235 (Tex. 1992), but only to the extent that *Dowlearn* classified a defect as "special" when the defect was unlike an excavation or obstruction on a roadway. *Id.* at 238 n.3. To our knowledge, no court has ever expressed disapproval of this court's holding in *Dowlearn* that a county was not a person.

The Pharmacies do not address *Dowlearn* in any of their briefs (including their reply briefs). Instead, they refer us to four cases in which courts have cited to the Code Construction Act in the same context as the TMLA. As we explain below, all of the cases are distinguishable.

The first of the four cases is *Group v. Vicento*, 164 S.W.3d 724 (Tex. App.—Houston [14th Dist.] 2005, pet. denied), where the issue involved the word "include," which is defined under the Code Construction Act, but not defined under the TMLA. *Id.* at 731. Our court properly considered the Code Construction Act when construing that word because, unlike "person," the word "include" is not a "legal term or word of art," and thus, the TMLA would not require that it be construed according to its common law meaning, to whatever extent that the common law meaning would have been different. *See* Tex. Civ. Prac. & Rem. Code § 74.001(b).

The second case is *Mokkala v. Mead*, 178 S.W.3d 66, 70–71 (Tex. App.—Houston [14th Dist.] 2005, pet. denied), in which this court cited the Code Construction Act for the unremarkable proposition that, when construing a statute, a court may consider the object that the legislature sought to obtain. *Id.* at 70–71.

6

Like *Group*, this case is not instructive because it did not consider the common law meaning of person.

The Pharmacies cite next to *Coming Attractions Bridal & Formal, Inc. v. Texas Health Resources*, 595 S.W.3d 659 (Tex. 2020), a case that squarely addressed the meaning of person. But the question there was whether a person at common law included a corporation. *Id.* at 662. The Supreme Court answered that question in the affirmative after considering both the Code Construction Act and the common law (in that order). *Id*. at 662–63.

The Pharmacies suggest that the teaching of *Coming Attractions* is that we need not refer exclusively to common law sources to determine if a county is a person. In other words, the Pharmacies suggest that we may also look to the Code Construction Act, which plainly mentions governmental subdivisions like counties. We disagree.

As stated above, the Code Construction Act contains a qualifying clause stating that the given definition of person applies "unless the statute or context in which the word or phrase is used requires a different definition." *See* Tex. Gov't Code § 311.005(2). The Supreme Court expressly acknowledged this qualifying clause in *Coming Attractions*, and properly cited to the common law definition, as the TMLA required. *See Coming Attractions*, 595 S.W.3d at 662–63 ("Because the Act does not otherwise define 'person,' we use the common-law meaning of 'person' in interpreting it.").

The Supreme Court did not suggest that the Code Construction Act was an independent reason for construing person to include a corporation. Rather, as we understand its opinion, the Supreme Court merely acknowledged that a corporation fell within the ambit of both the statutory definition of person and the common law meaning of the same word. The Supreme Court's analysis sheds no light on the

7

separate question of whether a county or political subdivision would also be included in the common law meaning of person.

In the Pharmacies' fourth case, *State v. Emeritus Corp.*, 466 S.W.3d 233 (Tex. App.—Corpus Christi 2015, pet. denied), the State filed suit against the operator of an assisted living facility, seeking civil penalties arising out of the death of a resident. *Id.* at 238–39. The trial court dismissed the case because the State never filed an expert report, but the court of appeals reversed that ruling, explaining that the TMLA did not apply because the State was seeking civil penalties under a different statute, rather than "damages" as needed to be a claimant under the TMLA. *Id.* at 249. The court also observed that a claimant was defined as a person, and in a footnote, the court acknowledged that the Code Construction Act defined person to include the government. *Id.* at 246 n.1. The Pharmacies suggest that this reference to the Code Construction Act has some sort of significance, but the court there expressly recognized that the Code Construction Act contained a qualifying clause. *Id.* And the court, which issued its opinion just a week before *Malouf*, never opined as to whether the State was a person at common law. This case accordingly has no application here.

The Pharmacies then refer to a series of other cases in which courts have held, outside the context of the TMLA, that a county is still a person. But again, each of these cases is distinguishable.

The Pharmacies begin with *County of Dallas v. Sempe*, 151 S.W.3d 291 (Tex. App.—Dallas 2004), *pet. dism'd*, 262 S.W.3d 315 (Tex. 2008) (per curiam), which recognized that the county is a person for purposes of the Civil Rights Act. *Id.* at 299. The court applied the precedent of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), in which the United States Supreme Court traced the legislative history of the Civil Rights Act and concluded that Congress

had intended for "local government units" to be included within the meaning of the word "person." *Id.* at 690 ("Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies."). Because *Sempe* and *Monell* were purely statutory cases, they do not inform the meaning of person under the common law.

The Pharmacies cite next to *Wickersham Ford, Inc. v. Orange County*, 701 S.W.2d 344 (Tex. App.—Beaumont 1985, no writ). In that case, a county was found liable for a breach of contract in a claim arising under Article 2226, which is the statutory predecessor to Chapter 38. *Id.* at 345. The trial court ruled as a matter of law that the plaintiff could not recover its attorney's fees against the county because the county is not a corporation, which would have otherwise made the county liable under the statute. *Id.* at 348. The court of appeals reversed that ruling and explicitly held that the county was both a corporation and a person within the meaning of Article 2226. *Id.* at 348–49. As concerning its interpretation of person, the court did not base its holding on any sort of common law definition. Instead, the court based its holding under the rationale that a county should not be able to claim that it is a person when it seeks the benefits of a statute, yet deny that it is a person when it is resisting an award of attorney's fees under the same statute, which was the court's perceived interpretation of *Garwood Irrigation Co. v. Lower Colorado River Authority*, 387 S.W.2d 746 (Tex. App.—Austin 1965, writ ref'd n.r.e.).

This rationale has been criticized as "flawed" by the Third Court of Appeals, which is the same court that decided *Garwood*. *See Lake LBJ Mun. Util. Dist. v. Coulson*, 839 S.W.2d 880, 891–92 (Tex. App.—Austin 1992, no writ) (explaining that *Wickersham* "misread" *Garwood* because in the latter case, "the governmental subdivision was the party seeking to recovery attorney's fees, not the party resisting

9

recovery"). And in a later case from the same court that decided *Wickersham*, the Ninth Court of Appeals declined to follow *Wickersham* on the grounds that Article 2226 had been repealed and Chapter 38 had been written more narrowly to exclude counties from liability. *See Base-Seal, Inc. v. Jefferson County*, 901 S.W.2d 783, 786 (Tex. App.—Beaumont 1995, writ denied). For all of these reasons, *Wickersham* is not persuasive authority.

The Pharmacies then direct us to *Cook County v. United States ex rel. Chandler*, 538 U.S. 119 (2003), in which the Supreme Court held that a county was a person amenable to a *qui tam* action under the False Claims Act. *Id.* at 122. Before reaching that holding, the Supreme Court responded, in a footnote, to an argument that "quasi corporations" such as counties should be treated differently from municipal corporations such as a towns and cities, which had long been recognized as persons. *Id.* at 127 n.7. The Court observed that "while the liability of quasi corporations at common law may have differed from that of municipal corporations, both were treated equally as legal 'persons.'" *Id.* The Pharmacies construe this footnote as demonstrating that counties were persons at common law, but we understand the footnote to be describing what Congress thought of the word "person" when it enacted the FCA. Indeed, the entire case was decided as a matter of statutory law, just like the cases discussed earlier involving the Civil Rights Act. *Id.* at 128 (considering the county's argument that "Congress intended a more limited meaning" of person than what had been announced in an earlier case); *id.* at 129 (rejecting the county's argument and explaining that "Congress wrote expansively" so that the FCA would reach all perpetrators of fraud); *id.* at 133 (recognizing that the FCA's coverage of municipal corporations had been "the statutory law for over a century").

The Pharmacies also invoke *Lancaster County v. Trimble*, 52 N.W. 711 (Neb. 1892), in which the Nebraska Supreme Court held that a county was a person for purposes of a Nebraska statute that provided for the enforcement of liens. *Id.* at 713. Nothing in that case indicates that the decision was based on a common law understanding of the word "person."

The Pharmacies cite next to a criminal case for its statement that "a county is a person," but their authority is a dissenting opinion, which in turn relied entirely on *Trimble*. *See Graham v. State*, 51 S.W.2d 369, 375 (Tex. Crim. App. 1930) (Lattimore, J., dissenting). That authority is neither binding nor informative.

Lastly, the Pharmacies cite to *Colorado County v. Staff*, 510 S.W.3d 435 (Tex. 2017), which held that for purposes of Chapter 614 of the Texas Government Code, involving complaints against certain public officers, the statutory phrase "person making the complaint" was not restricted to the victim of the alleged misconduct. *Id.* at 451. The Pharmacies emphasize a footnote in which the Supreme Court separately recognized that the word "person" could also include an artificial person like a governmental agency, citing the Code Construction Act. *Id.* at 449 n.59. But the Supreme Court explained that this broader statutory definition was "immaterial" for purposes of that case. *Id.* It is likewise immaterial for our purposes because *Staff* did not involve the TMLA and because the Supreme Court never discussed whether a county would be a person at common law.

For all of the foregoing reasons, we stand by our previous decision in *Dowlearn* that a county is not a person at common law. We likewise conclude that the Counties here are not claimants under the TMLA, that they were not required to serve the Pharmacies with an expert report, and that the MDL court properly denied the Pharmacies' motions to dismiss.

11

## CONCLUSION

The MDL court's orders denying the Pharmacies' motions to dismiss are affirmed.

/s/     Tracy Christopher
        Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Wilson.